# Exhibit A

NO. 09CV1569

| | | |
|---|---|---|
| PRIDA CONSTRUCTION, LTD. | § § § | IN THE DISTRICT COURT |
| VS | § § | GALVESTON COUNTY, TEXAS |
| LANDMARK AMERICAN INSURANCE COMPANY | § § § | 405 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Prida Construction, Ltd., Plaintiff herein, (hereinafter referred to as "PLAINTIFF") complaining of Landmark American Insurance Company, Defendant herein, (hereinafter referred to as "DEFENDANT"), and for cause of action would show the following:

### DISCOVERY LEVEL

1. PLAINTIFF pleads the amount in controversy exceeds $50,000 and that Discovery should be conducted on a Level 3 basis in accordance with a Discovery Control Plan under Rule 190.4, Texas Rules of Civil Procedure.

### PARTIES & SERVICE

2. PLAINTIFF is a Texas corporation with its principal and only office at 11221 Beard Drive, Galveston, Galveston County, Texas 77554. PLAINTIFF is engaged in building condominiums on Galveston Island in Galveston County, Texas. PLAINTIFF brings this suit against DEFENDANT to recover the insurance premium DEFENDANT has wrongfully withheld from PLAINTIFF under policy No. LHA103943 (hereinafter referred as the "POLICY").

3. DEFENDANT is a property/casualty insurance company that was incorporated in and is domiciled in the State of Oklahoma. DEFENDANT conducts business in the state of Texas pursuant to the provisions of Texas Insurance Code § 981.01 *et. seq.* under its Surplus Lines Insurer's license issued by the Texas Department of Insurance. Texas Insurance Code § 804.106 provides that, as a Surplus Lines Insurer, DEFENDANT has irrevocably appointed the Secretary of State of Texas as its agent for service of process for any suit arising from DEFENDANT's engaging in the business of insurance in the State of Texas. Moreover, DEFENDANT acknowledges that the Texas Secretary of State is its agent for service of process by virtue of DEFENDANT's issuance of Endorsement No. 17 to the POLICY, which states that DEFENDANT agrees that, as an eligible Surplus Lines Insurance company in the State of Texas, it *accepts the irrevocable appointment of the Secretary of State ... to be the lawful attorney for the service of* DEFENDANT. For these reasons, a citation should be prepared for service on Hope Andrade, Secretary of State of Texas, as agent for Landmark American Insurance Company, to be served via certified mail at P.O. Box 12887, Austin, Texas 78711-2887, or wherever else they may be found. Pursuant to the provisions of Endorsement No. 17 to the POLICY, upon being served with process, the Texas Secretary of State shall forward a copy of the process served via certified mail to DEFENDANT as follows: Senior Claims Officer of RSUI Group, Inc. at 945 East Paces Ferry Road, Atlanta, Georgia 30326-1125.

## JURISDICTION

### *Personal Jurisdiction*

4. This Court has personal jurisdiction over DEFENDANT as allowed by the provisions of the Texas Long Arm Statute, Tex.Civ.Prac.&Rem. Code § 17.041 *et. seq.* PLAINTIFF would also show that DEFENDANT has purposely established minimum contacts

with Texas and the exercise of jurisdiction by Texas complies with fair play and substantial justice. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 and *Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.C.*, 815 S.W.2d 223 (Tex. 1991). In that regard PLAINTIFF would show that the Texas Long Arm statute extends to Texas Courts jurisdiction over nonresidents that are doing business in Texas, which is defined as follows:

> *In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:*
>
> > *(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;*
>
> Tex.Civ.Prac.&Rem. Code § 17.042(1)(2)

DEFENDANT satisfies §§(1) above as more particularly explained in the facts pled throughout this Petition, which are incorporated herein by reference for all purposes. DEFENDANT purposely secured a Texas Surplus Lines Insurer's license from the Texas Department of Insurance for the purpose of selling Surplus Lines insurance policies to Texas residents of the same type of policy as the POLICY. By doing so, DEFENDANT agreed to be bound by the laws of the State of Texas. While acting under that license, DEFENDANT engaged a Texas Surplus Lines Insurance Agent, AmWINS Brokerage of Texas, Inc. (hereinafter referred to as "SURPLUS LINES AGENT") to sell the POLICY to PLAINTIFF, a Texas resident, through a licensed Texas General Lines Insurance Agency, Rust Ewing Watt & Haney, Inc. (hereinafter referred to as "RETAIL AGENT"), all as provided for under the Texas laws regulating Surplus Lines Insurers.

*Subject Matter Jurisdiction*

5.     Further, PLAINTIFF would show that this Court has jurisdiction over the subject matter since the amount in controversy is in excess of the minimum jurisdiction limits of the Court.

### VENUE

6.     At the time PLAINTIFF purchased the POLICY, PLAINTIFF's principal and only office was located at 8718 Cessna, Galveston, Galveston County, Texas 77554. PLAINTIFF purchased the POLICY from RETAIL AGENT, whose offices are located in Texas City, Galveston County, Texas. If DEFENDANT had returned to PLAINTIFF the premiums for which PLAINTIFF now brings suit, then, in keeping with insurance industry customs and practices, DEFENDANT would have sent those premiums to the RETAIL AGENT for payment over to PLAINTIFF in Galveston County, Texas. PLAINTIFF would show that venue is proper in Galveston County, Texas, as Galveston County, Texas was both the county where the contract of insurance was formed and the county where the insurance contract was to be performed. See Tex.Civ.Prac.&Rem. Code § 15.035(a).

7.     In addition, and in the alternative, Galveston County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred as those claims delineated in greater detail herein below. See Tex.Civ.Prac.&Rem. Code § 15.002(a)(1).

8.     In the further alternative, PLAINTIFF would show that should the Court find that neither Tex.Civ.Prac.&Rem. Code § 15.035(a) nor § 15.002(a)(1) establishes venue in Galveston County, Texas, then PLAINTIFF would show that venue in Galveston County, Texas is proper since it was the county in which PLAINTIFF resided at the time of the accrual of the cause of action. See Tex.Civ.Prac.&Rem. Code § 15.002(a)(4).

## FACTUAL BACKGROUND

9. The POLICY was issued for the period of February 1, 2006 through January 1, 2008. The POLICY was issued to provide Commercial General Liability insurance on PLAINTIFF's condominium building operations in Galveston County, Texas during that period. At the time PLAINTIFF purchased the POLICY, PLAINTIFF had plans to build a condominium project that would cost $24,000,000 and take the period of time from about February 1, 2006 to January 1, 2008 to construct. However, before construction started, the economy went into a downturn, which required that PLAINTIFF cancel construction of that condominium project.

10. The POLICY premium that PLAINTIFF paid at inception was a deposit amount which would be subject to adjustment, up or down, depending on the amount of construction activity PLAINTIFF actually had during the period of time the POLICY was in force. This adjustment would be made by DEFENDANT's auditing PLAINTIFF's books and records and thereafter DEFENDANT's issuing an endorsement to the POLICY reflecting the final premium calculation that developed by DEFENDANT's applying the construction costs determined in the audit to the policy rate, which was $8.192 per $1,000 of construction cost.

11. At the inception of the POLICY, PLAINTIFF paid DEFENDANT the deposit amount shown on the face of the POLICY, $196,610.00. DEFENDANT had attached to the POLICY at the time of issuance Endorsement No. 16 which is entitled: MINIMUM PREMIUM AND MINIMUM RETAINED PREMIUM. In pertinent part, Endorsement No. 16 states as follows:

> *If we cancel, the refund will be calculated on a pro rata basis. If the actual earned premium is less than the Minimum Earned Premium of $49,152.50, you will pay whichever is higher.*
>
> *If the first Named Insured cancels, the refund may be less than pro rata.*

5

*In no event shall we retain less than 25% of the Annual Minimum and Deposit Premium shown in the COMMON POLICY DECLARATIONS.*

(Bold emphasis added)

12. On December 27, 2007 PLAINTIFF cancelled the POLICY. DEFENDANT then audited PLAINTIFF's books and records. Thereafter, on March 28, 2008, DEFENDANT issued Endorsement No. 25 which is entitled **AUDIT (SUBJECT TO MINIMUM PREMIUM)**. That endorsement stated as follows:

| | |
|---|---|
| *POLICY TERM:* | *February 1, 2006 to December 27, 2007* |
| *ESTIMATED COSTS:* | *$24,000,000.00* |
| *AUDITED COSTS:* | *$2,105,225.88* |
| *RATE:* | *$8.192 per 1,000* |

*This policy is subject to a minimum premium of $195,203.65, therefore no change in premium applies.* (Bold emphasis added)

13. PLAINTIFF received Endorsement No. 25 and a check in the amount of $1,475.97 from the RETAIL AGENT on about April 24, 2008. On that same day, PLAINTIFF sent that check back to the RETAIL AGENT with a note that it was the incorrect amount.

14. On May 2, 2008, after not receiving a check for the correct return premium amount, PLAINTIFF sent a formal demand letter to DEFENDANT demanding that DEFENDANT re-calculate the return premium utilizing the 25% minimum premium ($49,152.50) that should have been used, and thereafter to send PLAINTIFF a check for the correct return premium. PLAINTIFF would show that, had DEFENDANT used the minimum premium stated in the POLICY ($49,152.50), then the return premium that PLAINTIFF was owed would be $147,457.50. PLAINTIFF seeks recovery of that $147,457.50 (hereinafter referred to as "RETURN PREMIUM").

## CAUSE OF ACTION - *Breach of Contract*

15. PLAINTIFF would show that the conduct of DEFENDANT amounts to a breach of contract. PLAINTIFF has fully performed all of its obligations under the POLICY in accordance with the terms of the POLICY. The POLICY, when read in its entirety, unambiguously states that the minimum premium for the POLICY is $49,152.50.

16. In the alternative, if the Court should not find that the POLICY does not unambiguously state that the minimum premium for the policy is $49,152.50, then in that event PLAINTIFF alleges that the POLICY language relating to minimum premium is ambiguous, as it is subject to two or more reasonable interpretations.

17. DEFENDANT has failed and refused to pay over to PLAINTIFF the RETURN PREMIUM which was developed after applying the terms and conditions of the POLICY. By virtue of that refusal to pay over to PLAINTIFF the RETURN PREMIUM, DEFENDANT is liable for the damages for breach of contract for which PLAINTIFF hereby sues.

## DAMAGES

### *Compensatory Damages*

18. PLAINTIFF seeks recovery for the amount of the RETURN PREMIUM, $147,457.50.

### *Attorneys Fees*

19. Pursuant to the provisions of Section 38.001 of the Tex.Civ.Prac.&Rem. Code, PLAINTIFF hereby seeks recovery of reasonable and necessary attorney fees. Written notice of PLAINTIFF's claim against DEFENDANT was sent well in advance of the thirty (30) days before the date of the final judgment in this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests that DEFENDANT be served with process as described in paragraph 3 above and that upon final trial and determination thereof, PLAINTIFF have and recover against DEFENDANT, Landmark American Insurance Company, the damages described above, together with pre-judgment interest, post-judgment interest and Court costs, as allowed by Texas law, as well as such other and further relief, both at law and equity, to which PLAINTIFF shall be justly entitled.

Respectfully Submitted,

GADDIS & ASSOCIATES

By: *[signature]*
ROBERT P. GADDIS
Texas Bar No. 07564100
8980 Lakes at 610 Drive, Suite 250
Houston, Texas 77054
(713) 621-1600
(713) 621-1601  Fax

ATTORNEY FOR PLAINTIFF
PRIDA CONSTRUCTION, LTD.

# THE DISTRICT COURTS OF GALVESTON COUNTY
## CIVIL CASE INFORMATION STATEMENT

**The Case Information Statement is for administrative purposes only. It shall be filed with the Parties Original Pleadings and shall be served upon all other parties to the action.**

STYLE: _____    COURT NO. __405__

_____    CASE NO. __09CV1569__

_____    FILED BY: __✓__ Plaintiff

_____             _____ Defendant

_____             _____ Other

Name of Primary Attorney filing this form          Name of Opposing Attorney, if known

Bar No. _____              Bar No. _____

Address _____              Address _____

City _____ State _____ Zip _____          City _____ State _____ Zip _____
(    )                                        (    )
Phone No. _____ Fax No. _____      Phone No. _____ Fax No. _____

Briefly describe the case, including special characteristics that may warrant extended discovery or accelerated disposition. If discovery LEVEL 3 is requested, explain why. Attached additional sheets, if necessary.

Estimated time for discovery: _____    Estimated Trial Time: _____

Do you presently anticipate adding any parties? _____    When? _____

**Level Assignment Preferred:**

LEVEL 1 _____       LEVEL 2 _____       LEVEL 3 _____
$50,000 or less                All Other Cases                Court Order Only

Is this case suitable for ADR? _____    ADR Method: _____

Signature of Attorney _____    Date _____

Printed Name of Attorney: _____

All Status Conferences will be set for Thursday following 90 days from the date of filing.
**YOUR STATUS CONFERENCE IS SET AS FOLLOWS:**

10TH District Court        10:00 a.m. _____
56th District Court         9:30 a.m. _____
122nd District Court        9:30 a.m. _____
212th District Court        9:00 a.m. _____
405th District Court        9:30 a.m. __11/25/09__

Rev 3/2008/LDW

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

September 8, 2009

Landmark American Insurance Company
Senior Claims Officer Of RSUI Group Inc
945 East Paces Ferry Rd
Atlanta, GA 30326-1125

2010-171562-1
Include reference number in all correspondence

RE:  Prida Construction Ltd Vs Landmark American Insurance Company
     405th District Court of Galveston County, Texas
     Cause No: 09CV1569

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on September 2, 2009.

CERTIFIED MAIL #71603901984812942370

Refer correspondence to:

Robert P. Gaddis
Gaddis & Associates
8980 Lakes at 610 Drive Ste 250
Houston, TX 77054

Sincerely,

Helen Lupercio
Team Leader, Citations Unit
Statutory Documents Section

hl/gl
Enclosure





**CITATIONS UNIT**
P.O. BOX 12079
AUSTIN, TEXAS 78711-2079

STATE PENALTY
FOR PRIVATE USE



Landmark American Insurance Company
Senior Claims Officer Of RSUI Group Inc
945 East Paces Ferry Rd
Atlanta, GA 30326-1125